# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3259

_____

| | | |
|---|---|---|
| H Enterprises International, Inc., and Subsidiaries, | * * * | |
| Appellant, | * * | On Appeal from the United States Tax Court. |
| v. | * * | [To Be Published] |
| Commissioner of Internal Revenue, | * * * | |
| Appellee. | * | |

_____

Submitted: May 10, 1999

Filed: July 27, 1999

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.


This is an income-tax case. Two issues are presented: whether H Enterprises International, Inc., is entitled to a dividends-received deduction with respect to certain distributions made to it by a subsidiary, Waldorf Corporation; and whether Waldorf is entitled to an interest deduction for certain indebtedness incurred by it.

The Commissioner asserts, and the Tax Court held, that H Enterprises was not entitled to the dividends-received deduction because, under Section 246A of the Internal Revenue Code, 26 U.S.C. § 246A, the dividends had been received with respect to debt-financed portfolio stock. The Commissioner also asserts, and the Tax Court also held, that Waldorf is not entitled to an interest deduction because the indebtedness in question was incurred to purchase tax-exempt obligations.

What makes this case unusual is the fact that the indebtedness in question was incurred by Waldorf, while the portfolio stock and the tax-exempt obligations were purchased by its parent, H Enterprises. The funds with which these purchases were made came from dividends paid by Waldorf to H Enterprises, and the money to pay the dividends came from indebtedness incurred by Waldorf. At all relevant times, H Enterprises owned either all the stock, or all the voting stock, of Waldorf.

Under Section 265(a)(2) of the Code, 26 U.S.C. § 265(a)(2), an interest deduction is disallowed if the indebtedness on which the interest is paid was "incurred or continued to purchase or carry obligations the interest on which is wholly exempt" from federal income tax. The Tax Court found that Waldorf's purpose in incurring the indebtedness was to enable H Enterprises to purchase the tax-exempt obligations. This finding is not clearly erroneous. With respect to the dividends-received issue, the Tax Court found that Waldorf's indebtedness was directly attributable to H Enterprises' investment in the stock on which the dividends were paid. See 26 U.S.C. § 246A(d)(3)(A). "[T]he dominant objective in incurring the 1987 indebtedness . . . [was] to make a cash distribution to [H Enterprises] in order to allow [H Enterprises] to purchase tax-exempt obligations and domestic shares." H Enterprises, International, Inc., 75 T.C.M. (CCH) 1948, 1952, T. C. Memo. 1998-97 (1998).[1] Further, the Court held, answering the central question of law presented by

_____

[1]The Hon. James Halpern, Judge. This opinion relied substantially on an earlier opinion of the Tax Court in the same case, denying a motion for summary judgment.

this case, that the fact that the indebtedness was incurred by a company (Waldorf) different from the company (H Enterprises) that purchased the tax-exempt obligations and portfolio stock was not fatal to the Commissioner's position. Waldorf was at all times controlled by H Enterprises, and both the incurring of the indebtedness and the payment of the dividend by Waldorf to H Enterprises was in accordance with a preplanned sequence.

The appellants have presented clear and substantial arguments in support of their position that the Tax Court's holdings should be reversed. Nonetheless, after careful study of the briefs and hearing argument, we are not persuaded. We believe the Tax Court's opinions comprehensively and correctly set out the relevant facts and the law. There is nothing to be gained by our elaborating on those opinions. We therefore affirm the judgment of the Tax Court, substantially for the reasons stated in its opinions. See 8th Cir. R. 47B.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

H Enterprises, International, Inc., 105 T.C. 71 (1995) (Scott, J.).

-3-